O

JS - 6

**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 09-01223-VAP (PLAx)                              Date:  July 16, 2009

Title:   DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF JANUARY 1, 2006; MORGAN STANLEY ABS CAPITAL 1 INC. TRUST 2006-NC1 -v- JOHN MILES
================================================================
PRESENT:      HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

         Marva Dillard                                    None Present
         Courtroom Deputy                                 Court Reporter

ATTORNEYS PRESENT FOR                      ATTORNEYS PRESENT FOR
PLAINTIFFS:                                DEFENDANTS:

    None                                      None

PROCEEDINGS:    MINUTE ORDER REMANDING ACTION TO CALIFORNIA SUPERIOR COURT, RIVERSIDE COUNTY (IN CHAMBERS)

    On April 13, 2009, Plaintiff Deutsche Bank National Trust Company as Trustee under Pooling and Servicing Agreement Dated as of January 1, 2006 ("Deutsche Bank") and Morgan Stanley ABS Capital 1 Inc. Trust 2006-NC1 (collectively "Plaintiffs") filed a "Complaint for Unlawful Detainer" against Defendant John Miles ("Defendant").  On June 29, 2009, Defendant removed the action on the basis of federal question, 28 U.S.C. § 1331.  (<u>See</u> Not. of Removal at 2.)

    Removal jurisdiction is governed by statute.  <u>See</u> 28 U.S.C. §1441, <u>et seq</u>.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always

EDCV 09-1223-VAP (PLAx)
DEUTSCHE BANK v JOHN MILES
MINUTE ORDER of July 16, 2009

has the burden of establishing that removal is proper." Gaus Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. FedermanBachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

     Defendant claims the basis for removal is federal question jurisdiction, 28 U.S.C. § 1331, because the claims are "ancillary" to those in ED 09 CV 01177 VAP, a separate action filed by Defendant against Deutsche Bank and others, which was removed to this Court on June 19, 2009 and in which judgment was entered on July 14, 2009.  (See Not. of Removal at 2.)  From the face of the Complaint, Plaintiff's suit is an unlawful detainer action under California state law.  See Franchise Tax Bd. v. Constr. Laborers Trust, 463 U.S. 1, 10 (1983) (defendant may not remove case to federal court unless basis for federal jurisdiction apparent on the face of the complaint).  Accordingly, Defendant has not shown the Court's jurisdiction based on federal question, 28 U.S.C. § 1331.

     Defendant has not met his burden of establishing that the case is properly in federal court. Gaus, 980 F.2d at 566.  Accordingly, the Court REMANDS the action to the Superior Court of California, Riverside County.

     **IT IS SO ORDERED.**